**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ROSIE PERRY**                                                                                       **PLAINTIFF**

**V.**                                                     **CAUSE NO. 1:09CV260-SA-JAD**

**SEARS, ROEBUCK AND CO., and VANESSA STEWART**            **DEFENDANTS**

**MEMORANDUM OPINION**

This case was originally filed in the County Court of Lowndes County against Sears, Roebuck, and Company, and Vanessa Stewart (the "Defendants"). Defendants removed the action to federal court and filed this Motion to Dismiss [11].

*Factual and Procedural Background*

Plaintiff was employed by Sears, Roebuck, and Co. ("Sears") as a Brand Control Manager. According to the Complaint, in February of 2009, Plaintiff's supervisor, Vanessa Stewart, allowed an employee under the supervision of Plaintiff to bypass Plaintiff in the chain of command. Stewart later directed Plaintiff to work twelve hour shifts seven days a week until she was "satisfied" with Plaintiff's work. Plaintiff was terminated in March of 2009.

Plaintiff brought this action against Sears for imposing the hardship of an eighty-four hour work week on her, and against Stewart for defamation resulting in the loss of employment.

Defendants filed this Motion to Dismiss asserting Plaintiff's claims against Sears are barred by the Mississippi Workers' Compensation Act, and her claims against Stewart are not sufficiently pled.

*Motion to Dismiss Standard*

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas

Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955 (quotation marks, citations, and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (May 18, 2009) (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 1950, 173 L. Ed. 2d 868 (citing FED. R. CIV. P. 8(a)(2)).

*Discussion and Analysis*

Plaintiff claims that the work hours imposed were hazardous to her health and requests compensatory damages against Sears for those injuries. The Mississippi Workers' Compensation Act provides:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death . . .

Miss. Code Ann. § 71-3-9 (2010). Thus, to the extent that Plaintiff's claims can be construed as a cause of action against her employer for any negligent acts committed by the employer, those claims

2

are precluded by the Mississippi Workers' Compensation Act.

Plaintiff claims she was defamed by Stewart. Plaintiff alleges a "false statement of fact" was the basis of her termination, "and for such defamatory words resulting in loss of employment by Plaintiff demand is hereby made for compensatory damages . . . ." Plaintiff never identifies the defamatory statement, or to whom Stewart made the statement.

To establish a claim of defamation under Mississippi law, the plaintiff must demonstrate the following:

> (1) a false and defamatory statement concerning [her]; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of statement irrespective of special harm or existence of special harm caused by publication.

Armistead v. Minor, 815 So. 2d 1189, 1193 (Miss. 2002). "Mississippi law requires that a complaint for defamation must provide allegations of sufficient particularity so as to give the defendant or defendants notice of the nature of the complained-of statements." Chalk v. Bertholf, 980 So. 2d 290, 297 (Miss. 2007) (referencing Mitchell v. Random House, Inc., 703 F. Supp. 1250, 1256 (S.D. Miss. 1988)). Moreover, to state a claim for defamation, it is necessary that the defamation be "clear and unmistakable from the words themselves and not the product of innuendo, speculation or conjecture." Ferguson v. Watkins, 448 So. 2d 271, 275 (Miss. 1984).

Plaintiff has failed to sufficiently plead a claim of defamation against Stewart. Even construing facts in the light most favorable to the Plaintiff, the Court cannot reasonably infer that Stewart is liable for the misconduct alleged. Thus, Plaintiff's claims against that defendant are dismissed.

Plaintiff responded to Defendants' Motion to Dismiss by asserting that Sears terminated her

3

based on Stewart's defamation. Because Plaintiff's claim against Sears is based on an alleged action taken as a result of the alleged defamation, those claims against Sears are dismissed as well.

Accordingly, Defendants' Motion to Dismiss is GRANTED, and this case is CLOSED.

SO ORDERED, this the 8th day of April, 2010.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT JUDGE**